and Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., on the brief), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group P were arrested on the railroad tracks within the 100-foot wide easement owned by DOE. For the facts surrounding this arrest site, *see United States v. Dukehart,* 687 F.2d 1301 (10th Cir.), filed this date. For a discussion of the post-arrest and pretrial procedures, *see United States v. Seward,* 687 F.2d 1270 (10th Cir.), filed this date.

The issues on appeal by this trial group are as follows:

1. The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2. The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551, et seq., 42 U.S.C. §§ 7191, et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3. Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

The first issue is controlled by our decision in *United States v. Seward.* The second and third issues are governed by *United States v. Thompson,* 687 F.2d 1279 (10th Cir.), filed this date.

For the reasons set forth in those opinions, the judgments are affirmed.

For dissenting opinion of McKay, Circuit Judge, in which Logan and Seymour, Circuit Judges joined, see 687 F.2d 1279, at p. 1286.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ann GRODSKY, Roy E. Young, and Kim D. Rempe, Defendants-Appellants.**

**Nos. 79–1795, 79–1800, and 79–1802 (Trial Group O).**

United States Court of Appeals, Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., and Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., on the brief), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group O were arrested on the railroad tracks within the 100-foot wide easement owned by DOE. For the facts surrounding this arrest site, see United States v. Dukehart, 687 F.2d 1301 (10th Cir.), filed this date. For a discussion of the post-arrest and pretrial procedures, see United States v. Seward, 687 F.2d 1270 (10th Cir.), filed this date.

The issues on appeal by this trial group are as follows:

1. The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2. The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551, et seq., 42 U.S.C. §§ 7191, et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3. Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

The first issue is controlled by our decision in United States v. Seward. The second and third issues are governed by United States v. Thompson, 687 F.2d 1279 (10th Cir.), filed this date.

For the reasons set forth in those opinions, the judgments are affirmed.

For dissenting opinion of McKay, Circuit Judge, in which Logan and Seymour, Circuit Judges joined, see 687 F.2d 1279, at p. 1286.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Bruce ADAMS, Scott L. Jones, and Joan M. Jackson, Defendants-Appellants.

Nos. 79–1931, 79–1932 and 79–1934 (Trial Group L).

United States Court of Appeals, Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., and Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., on the brief), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group L were arrested on the railroad tracks within the 100-foot wide easement owned by DOE. For the facts surrounding this arrest site, see United States v. Dukehart, 687 F.2d 1301 (10th Cir.), filed this date. For a discussion of the post-arrest and pre-trial procedures, see United States v. Seward, 687 F.2d 1270 (10th Cir.), filed this date.